IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN WEINROTH,** | ) | **CIVIL ACTION NO.** 2:21-cv-1077 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UPMC CHILDREN'S HOSPITAL** | ) | |
| **OF PITTSBURGH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.       PRELIMINARY STATEMENT

By this action, Plaintiff, Kathleen Weinroth, seeks lost wages and benefits, compensatory
and punitive damages, costs, and attorney's fees because Defendant, UPMC Children's Hospital
of Pittsburgh, failed to accommodate her disability and terminated her because of her disability,
in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.  Plaintiff seeks
the same remedies as a result of Defendant terminating her in retaliation for her protected
activity, in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12203.
Additionally, Plaintiff seeks lost wages and benefits, liquidated damages, costs, and attorney's
fees as a result of being terminated by Defendant in retaliation for her requests for leave under
the Family and Medical Leave Act and because Defendant interfered with her FMLA rights.
Defendant's actions in this regard violated 29 U.S.C. § 2601 *et seq*.

## II.   JURISDICTION

1.       This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that

this is a civil action wherein the matter in controversy arises under the laws of the United States.

2.       Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a

civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts

constituting a substantial part of the events and omissions giving rise to the claims occurred in

the Western District of Pennsylvania.

3.       On February 10, 2021, Plaintiff filed a Charge of Discrimination with the EEOC

against the Defendant.  On May 19, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff.[1]

## III.   PARTIES

4.       Weinroth is an adult individual who resides at 5621 Marlborough Road,

Pittsburgh, PA 15217.  At the time of the incident complained of in this lawsuit and presently,

she was and is a citizen of the Commonwealth of Pennsylvania and the United States of

America.

5.       UPMC Children's Hospital of Pittsburgh is a nonprofit health enterprise with

corporate headquarters that are located at One Children's Hospital Drive, 4401 Penn Ave.,

Pittsburgh, PA 15224.

## IV. STATEMENT OF CLAIM

6.       On October 19, 2015, Weinroth began working for Defendant as a Professional

Care Manager.

7.       On June 2, 2020, Defendant placed Weinroth on FMLA leave due to Weinroth's

suffering from a chronic, worsening cough, daily fevers, and fatigue.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include three additional counts under the PHRA.

8.      These conditions evolved into multifocal pneumonia, which continues to substantially impair Weinroth's breathing and cause her significant fatigue.

9.      On July 31, 2021, Dr. Roberta Bashore, Weinroth's physician, cleared her to return to full-time work on August 10, 2020, as indicated on a form submitted by Dr. Bashore's office directly to Defendant's WorkPartners.

10.     Weinroth was not aware that Dr. Bashore cleared her to return on that date, nor that a clearance was submitted to WorkPartners.

11.     In early August 2020, Weinroth's health deteriorated, and she was forced to consult with Dr. Bashore on August 7, 2020.

12.     At the conclusion of that consultation, Dr. Bashore told Weinroth that she was cleared to return to work on August 10, 2020, contingent upon Defendant providing part-time hours as an accommodation.   Dr. Bashore also directed her to see a pulmonologist.

13.     Weinroth was not able to return to work on August 10, 2020 due to a fever.

14.     On August 13, 2020, Weinroth received a voicemail from Alicia Kickbush, a Leave Specialist with Defendant, regarding Weinroth's medical leave.

15.     In the voicemail, Kickbush requested an update about Weinroth's ability to return to work and asked if Weinroth intended to extend her medical leave.  She made no mention that Weinroth's absences following August 10, 2020 were unexcused.

16.     On the same day that Kickbush left the voicemail, Weinroth returned her call and, unable to reach her, left a voicemail stating that she was still waiting to see a specialist to examine her lungs and that she was able to return to work on a part-time basis.

17.     Kickbush went on vacation and therefore did not return Weinroth's call.

18.     On August 14, 2020, Weinroth received a return call from Cheryl (last name unknown), an employee with WorkPartners.  Cheryl acknowledged the voicemail that Weinroth

left for Kickbush and seemed to indicate that Weinroth would need to get a release from her
pulmonologist in order to return to work.

19.      Cheryl also said that Weinroth should provide Defendant with her disability
restrictions, and Defendant would evaluate whether it could accommodate them.  Like Kickbush,
Cheryl did not indicate that Weinroth's absences were unexcused.  Cheryl also failed to discuss
Weinroth's eligibility for FMLA leave for her part-time work request.

20.      On August 17, 2020, the next business day following Cheryl's call, Weinroth
emailed Susan Ulakovic, Manager of Care Management with Defendant and Weinroth's
supervisor, for guidance on how she could return to work.

21.      In her email, Weinroth informed Ulakovic that she had been cleared for part-time
work and greatly desired to return.  She also explained that Cheryl required her to be cleared by a
pulmonologist before she could return and expressed her frustration about her inability to get an
appointment with one.

22.      Ulakovic never responded to Weinroth's email.

23.      On or about August 18, 2020, Weinroth received a letter from Kickbush dated
August 13, 2020.

24.      In the first sentence of the letter, Kickbush explains that the letter is meant to
initiate the interactive process and determine eligibility for a reasonable accommodation.

25.      The letter also says, "According to our records your available leave time will
exhaust on ____" (emphasis added).  No date for the exhaustion of my leave was provided.  It
also left blank the deadline referenced in the following sentence: "If you are unable to return to
work without restrictions by _____ (emphasis added), you may qualify for additional job
protection under UPMC's Disability Accommodation policy (HS_HR0750)."

26.     In the letter, Kickbush indicates that Defendant was providing Weinroth with two weeks to return the necessary medical information.

27.     On August 20, 2020, Defendant terminated Weinroth's employment, before she could provide Kickbush with the information Kickbush requested in the letter.

28.     In the termination letter that Weinroth received, Defendant falsely claims that she failed to respond to the communication attempts of its leave specialists, including the voicemail that Weinroth received from Kickbush on August 13, 2020.

29.     Defendant also asserts in the termination letter that Weinroth's time off between August 10, 2020 and August 19, 2020 was unexcused because she had been cleared to return to work on August 10, 2020.  Defendant makes this claim even though Ulakovic emailed Weinroth daily census updates, which never indicated that her absences were unexcused.

30.     Because of Defendant's actions, Weinroth continues to be harmed due to wage and benefit losses and continues to endure emotional pain and suffering.

## V.      CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF ADA – TERMINATION

31.     Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

32.     Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

33.     Defendant's decision to terminate Plaintiff was induced by its intent to discriminate against Plaintiff based on her disability and/or perceived disability.

34.     Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT II – VIOLATION OF ADA – RETALIATION

35.     Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

36.     Defendant intentionally retaliated against Plaintiff, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203.

37.     Defendant's decision to terminate Plaintiff was induced by its intent to retaliate against Plaintiff because of her protected activity.

38.     Plaintiff has been directly harmed as a result of these violations as is fully set forth above.

## COUNT III – VIOLATION OF ADA – FAILURE TO ACCOMMODATE

39.      Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

40.     Defendant failed to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

41.      As set forth above, Plaintiff is an individual with a disability because she suffers from an impairment that substantially limits one or more major life activities.

42.     Plaintiff informed Defendant of that disability and requested a reasonable accommodation.

43.      Defendant failed to engage in the interactive process and failed to accommodate Plaintiff's disability, despite the availability of a reasonable accommodation for Plaintiff's disability.

44.      Plaintiff has been directly harmed as a result of Defendant's violations as is fully

set forth above.

## COUNT IV – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

45.     Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

46.     Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

47.     Plaintiff has been directly harmed as a result of these violations as is fully set forth above.

## COUNT V – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT – RETALIATION

48.     Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

49.     Defendant intentionally retaliated against Plaintiff, in violation of 29 U.S.C. § 2615(a) and 29 C.F.R. § 825.220(c).

50.     Defendant's decision to terminate Plaintiff was induced by its intent to retaliate against Plaintiff because of her desire to take FMLA leave.

51.      Plaintiff has been directly harmed as a result of these violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a)     Assume jurisdiction herein;

(b)     Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c)     Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d)     Award Plaintiff liquidated damages under the FMLA;

(e)     Award Plaintiff compensatory and punitive damages under the ADA;

(f)     Award Plaintiff pre- and post-judgment interest;

(g)     Award Plaintiff costs and attorney's fees; and

(h)     Grant such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**                    Respectfully Submitted,

/s/ Nicholas W. Kennedy
Nicholas W. Kennedy
PA ID No. 317386
QuatriniRafferty
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: 724-837-0080
Fax: 724-837-1348